UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:20-CV-5513-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by not providing specific and legitimate reasons for discounting the opinion of orthopedist Dr. Gritzka and by not evaluating opinions from Dr. Patterson, Dr. Connolly, and Dr.

Palasi. If these opinions were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Accordingly, remand for an award of benefits is the appropriate remedy.

FACTUAL AND PROCEDURAL HISTORY

On January 15, 2015, Plaintiff filed applications for DIB and SSI, alleging in both applications a disability onset date of July 31, 2014. *See* Dkt. 16, Administrative Record ("AR") 145, 353-59, 360-65. His applications were denied upon initial administrative review and on reconsideration. AR 145, 277-83, 286-90. A hearing was held before ALJ James Sherry on September 15, 2016. AR 186-230, 940-84. On November 29, 2016, ALJ Sherry issued a decision finding that Plaintiff was not disabled. AR 142-60, 808-26. On February 9, 2018, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-7, 831-37.

On August 26, 2019, this Court issued an order reversing ALJ Sherry's decision and remanding this case for reconsideration of the opinions of Dr. Lakin and Dr. Packer. AR 845-62. On September 18, 2019, the Appeals Council issued an order vacating the ALJ's decision, remanding the case for further proceedings, and consolidating Plaintiff's initial applications with additional DIB and SSI claims filed by Plaintiff in 2018. AR 863-66, 992-1002, 1003-14, 1017-23, 1024-30, 1128-32, 1133-38.

On January 16, 2020, ALJ David Johnson held a new hearing. AR 775-807. On March 2, 2020, ALJ Johnson issued a decision finding that Plaintiff was not disabled. AR 746-65. Plaintiff filed a complaint in this Court seeking judicial review of ALJ Johnson's written decision on June 3, 2020. Dkt. 4.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly discounting the opinions of examining sources Thomas Gritzka, M.D., Huong Lakin, D.O., and Clyde T. Carpenter, M.D., and non-examining sources Myrna Palasi, M.D. and Brent Packer,

M.D.; and (2) failing to provide clear and convincing reasons for discounting Plaintiff's symptom testimony. Dkt. 18, pp. 5-18. Plaintiff asks this Court to remand this case for an award of benefits. *Id.* at 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff contends that the ALJ erred by failing to properly evaluate opinions from examining physicians Dr. Gritzka, Dr. Lakin, and Dr. Carpenter, and non-examining sources Dr. Palasi and Dr. Packer. Dkt. 18, pp. 5-17.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

1  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th
2  Cir. 1989)).

### A.   Dr. Gritzka

Orthopedic surgeon Dr. Gritzka examined Plaintiff on September 7, 2016. AR 723-33, 735-45. Dr. Gritzka's evaluation consisted of a clinical interview, a review of the medical record and imaging studies, and a physical examination. Dr. Gritzka diagnosed Plaintiff with degenerative spondylosis of the mid-cervical spine with multi-level/posterior disc protrusions; mild to moderate thoracic degenerative spondylosis with mild scoliosis; chronic lumbar degenerative spondylosis with intervertebral disc protrusion at L4-5; left hip acetabular impingement syndrome; and status post left medial meniscectomy. AR 732, 744.

Based on this evaluation, Dr. Gritzka opined that since his alleged onset date, Plaintiff has been unable to perform full-time work, and that he would be unable to sit consistently throughout a workday, making it difficult for him to perform even sedentary work. AR 732, 744. Dr. Gritzka further opined that if Plaintiff had attempted to perform even sedentary work after his alleged onset date, the symptoms stemming from his impairments "would probably" have resulted in more than two work absences per month "on a more probable than not basis." AR 733, 745. Dr. Gritzka added that if Plaintiff attempted to work, he would have been off task more than 20 percent of an eight hour workday "on a more probable than not basis." *Id.*

The ALJ assigned "little weight" to Dr. Gritzka's opinion, reasoning that: (1) while the results of Dr. Gritzka's examination were consistent with examinations conducted by other medical sources, no other acceptable medical source found that Plaintiff was unable to perform full-time work; (2) Dr. Gritzka's opinion that Plaintiff would be off task 20 percent or more of a workday is inconsistent with normal mental status examinations and Plaintiff's statements

regarding his ability to pay attention, follow instructions, and finish what he starts; and (3) the opinion of non-examining state agency consultant Greg Saue, M.D. included more precise functional limitations. AR 762.

With respect to the ALJ's first reason, the fact that Dr. Gritzka's conclusions differ from those of other medical sources in the record is not, in and of itself, a specific and legitimate reason for discounting his opinion.

In his November 29, 2016 decision, ALJ Sherry reached a virtually identical conclusion to the one reached by ALJ Johnson, finding that while Dr. Gritzka's observations were largely consistent with those of other medical sources, no other acceptable medical source found that Plaintiff was unable to perform full-time work. AR 155-56.

On April 15, 2017, Dr. Gritzka submitted an addendum to his September 2016 opinion in response to ALJ Sherry's decision, disputing the ALJ's assessment of his opinion and stating that he was the only orthopedic specialist who examined Plaintiff, who suffers from a range of musculoskeletal impairments. AR 462. Dr. Gritzka noted that unlike other medical sources who offered an opinion concerning Plaintiff's limitations, some of whom specifically recommended an orthopedic consultation, he performed a detailed physical capacity test, and actually examined available imaging studies rather than relying upon reports. AR 462-64, 509, 519, 553, 562, 575, 592, 618, 626.

The fact that Dr. Gritzka, a board-certified orthopedic surgeon who conducted a detailed examination, reached a different conclusion concerning Plaintiff's limitations than other non-examining and non-specialist sources in the record is not a specific and legitimate reason for discounting his opinion. The disparity between Dr. Gritzka's opinion and the opinions of the

other medical sources in the record supports the opposite conclusion: namely that the detailed, specialist opinion of Dr. Gritzka more accurately reflects Plaintiff's orthopedic limitations.

The Court notes that the record contains an additional opinion from a second orthopedic specialist. Orthopedic surgeon Jeffrey Patterson, M.D. and neurologist Kevin Connolly, M.D. offered an opinion concerning Plaintiff's functional limitations on April 6, 2017, several months after Plaintiff injured himself during an unsuccessful work attempt. AR 715, 1335, 1665-74. Dr. Patterson and Dr. Connolly's evaluation consisted of a clinical interview and a physical examination. Based on this evaluation, Dr. Patterson and Dr. Connolly recommended a formal physical capacities evaluation and opined that given all Plaintiff's impairments, he would likely be restricted to performing no more than sedentary work, a conclusion at odds with the RFC and broadly consistent with Dr. Gritzka's more restrictive assessment. AR 1673.

As for the ALJ's second reason--that Dr. Gritzka's opinion that Plaintiff would be off task 20 percent or more of a workday is inconsistent with normal mental status examinations and Plaintiff's statements regarding his ability to pay attention, follow instructions, and finish what he starts--Dr. Gritzka's opinion explicitly states that Plaintiff's "off task" limitation stems from intermittent flare-ups of his musculoskeletal impairments, namely his cervical, thoracolumbar, left hip, and left knee conditions, rather than his mental impairments. AR 733, 745. As such, any alleged inconsistency between the results of Plaintiff's mental status examinations, Plaintiff's statements regarding his mental functioning and the off task limitation assessed by Dr. Gritzka cannot serve as a specific and legitimate reason for discounting his opinion.

Regarding the ALJ's third reason, a finding that a physician's opinion is not well explained can serve as a specific and legitimate reason for discounting that opinion. *See* 20

C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (The better an explanation a source provides for a medical opinion, the more weight the Social Security Administration will give that opinion).

Here, the fact that Dr. Saue's opinion contains detailed postural limitations does not invalidate Dr. Gritzka's opinion, which contain specific functional limitations regarding absenteeism and time off task. AR 733, 745. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *see also Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (the opinion of a non-examining physician cannot, by itself, constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician) (internal citations omitted).

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Gritzka's opinion.

**B.     Dr. Palasi**

On June 11, 2014, Myrna Palasi, M.D. conducted a review of the medical evidence for the Washington Department of Social and Health Services ("DSHS"). AR 2319-20. Dr. Palasi reviewed radiology reports and the opinions of Dr. Lakin and Kathleen Driscoll, ARNP. AR 2319. Based on this evaluation, Dr. Palasi opined that due to the severity of Plaintiff's chronic pain and other conditions, a "less than sedentary" RFC was appropriate. AR 2319.

The ALJ did not evaluate Dr. Palasi's opinion. Defendant contends that the ALJ's failure to evaluate Dr. Palasi's opinion was harmless, arguing that the ALJ properly discounted similar opinions from Dr. Carpenter, Dr. Packer, and Dr. Gritzka, and that the reasons the ALJ cited in discounting these assessments apply with equal force to Dr. Palasi's opinion. Dkt. 20, pp. 9-10.

The Ninth Circuit has held that failing to discuss a medical opinion generally does not constitute harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's

disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c) (requiring the evaluation of "every medical opinion" received)); *see also Marsh v. Colvin,* 792 F.3d 1170, 1172–73 (9th Cir. 2015) ("[A]n ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them."). Further, for the reasons discussed above, the ALJ has not provided specific and legitimate reasons for discounting Dr. Gritzka's opinion, and the ALJ erred in not evaluating the opinions of Dr. Palasi, Dr. Patterson, and Dr. Connolly.

### C. Other Issues

Plaintiff maintains that the ALJ erred in evaluating his symptom testimony and the opinions of Dr. Lakin, Dr. Packer, and Dr. Carpenter. Dkt. 18, pp. 5-18. Because this case be resolved without considering the ALJ's assessment of this evidence, the Court declines to address these issues.

## II. Remedy

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 18, pp. 18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

> record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court is mindful that it has already remanded this case for further proceedings once, and simply providing another opportunity to assess improperly evaluated evidence, allowing the ALJ to have a "mulligan", does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22, citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Here, the ALJ erred by not providing specific and legitimate reasons for discounting the opinion of orthopedic specialist Dr. Gritzka and by not evaluating the opinions of Dr. Patterson, Dr. Connolly, and Dr. Palasi. The opinions of these physicians, credited as true, establish that Plaintiff could perform at most sedentary work, and would likely be off task for 20 percent of a workday and absent from work two days per month. AR 723-33, 735-45, 1665-74, 2319-20. If these opinions were credited as true, the ALJ would be required to find Plaintiff disabled on remand. AR 801.

Accordingly, remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for an award of benefits.

Dated this 29th day of January, 2021.

David W. Christel
United States Magistrate Judge